E-FILED
Monday, 06 August, 2007 11:56:19 AM
Clerk, U.S. District Court, ILCD

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY )
LITIGATION (NO. VI) ) DOCKET NO. MDL 875

**THIS DOCUMENT RELATES TO:**

U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Annie Brownlee, for the Estate of Theodore, v. A. C. and S., Inc., et al., | CASE NO.   02CV2084 |
| James DeDecker v. A. C. and S., Inc., et al. | CASE NO.   02-4058 |

## DEFENDANT ASEA BROWN BOVERI INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Asea Brown Boveri Inc., by its undersigned counsel, hereby moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the plaintiffs' Complaints for lack of personal jurisdiction and for lack of service of process. The reasons in support of this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

_____
Andrew J. Trevelise

Mary Ann Hatch
**HERZOG, CREBS & McGHEE LLP**
511 West Main Street
Belleville, IL  62226
(618) 235-7656
(618) 231-4656 (facsimile)

Andrew J. Soven
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100
(215) 851-1420 (facsimile)

**Attorneys for Asea Brown Boveri Inc.**

Dated:  November 4, 2002

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY ) 
LITIGATION (NO. VI) ) DOCKET NO. MDL 875

**THIS DOCUMENT RELATES TO:**

U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Annie Brownlee, for the Estate of Theodore, v. A. C. and S., Inc., et al., | CASE NO.   02CV2084 |
| James DeDecker v. A. C. and S., Inc., et al. | CASE NO.   02-4058 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ASEA BROWN BOVERI INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I.   **INTRODUCTION**

Asea Brown Boveri Inc. is a U.S. holding company which holds the stock of several corporations, including the stock of Defendant Combustion Engineering, Inc. (hereinafter referred to as "CE"). However, Asea Brown Boveri Inc. is not an operating company and is in no way implicated with the allegedly tortious activities attributed by Plaintiff to any of the Defendants. As will be demonstrated infra, there is no legitimate reason why Asea Brown Boveri Inc. has been named as a defendant in this action. Indeed, this is evident from even a cursory review of the facts that unquestionably demonstrate that Asea Brown Boveri Inc. does not have contacts with Illinois, much less the minimum contacts needed to satisfy the constitutional due process requirements.

Accordingly, Defendant Asea Brown Boveri Inc. respectfully requests that this Court dismiss plaintiffs' Complaint as to Defendant Asea Brown Boveri Inc. for lack of personal jurisdiction.

## II.   BACKGROUND

These matters arise out of personal injury actions filed by plaintiffs alleging exposure to asbestos-containing products. However, the Complaints notably fail to allege that Asea Brown Boveri Inc. manufactured or distributed asbestos-containing products in the State of Illinois (or in any state for that matter). This is not surprising considering Asea Brown Boveri Inc. does not manufacture any products in Illinois (let alone products allegedly containing asbestos), has not sold any products in Illinois on its behalf and has no place of business in Illinois. See Affidavit of John Brett, at ¶¶ 12-13; 16-17 (a copy of which is attached hereto as Exhibit "A").

Moreover, Asea Brown Boveri Inc. does not control or direct the management, operation or operating policies of any Illinois corporation and Asea Brown Boveri Inc. has no employees, servants or agents in Illinois, nor does it have any property in Illinois. See Ex. A, ¶¶ 6; 18. In addition, Asea Brown Boveri Inc. does not maintain an address or telephone number in Illinois, has no bank accounts in Illinois and does not otherwise solicit business on its behalf in Illinois. See Ex. A, ¶¶ 12-16. This is because Asea Brown Boveri Inc. is a holding company without any operations of its own. See Ex. A, ¶¶ 2-3.

## III.   ARGUMENT

Constitutional limitations mandate that Asea Brown Boveri Inc. be dismissed from this action. Due process requires that a trial court acquire personal jurisdiction over a non-resident defendant before it can render a valid judgment against that defendant. See Kulko v. California Superior Court, 436 U.S. 84 (1978). "In order to exercise *in personam* jurisdiction

over a defendant, the Due Process Clause of the Fourteenth Amendment requires that the defendant have 'minimum contacts' with the forum State to the extent that maintenance of the suit there does not offend 'traditional notions of fair play and substantial justice.'" Allerion, Inc. v. Nueva Icacos, S.A. De C.V., 283 Ill.App.3d 40, 47, 669 N.E.2d 1158, 1163 (1996) (internal citation omitted); see also Capital Assoc. Dev. Corp. v. James E. Roberts-Ohbayashi Corp., 138 Ill.App.3d 1031, 1036, 487 N.E.2d 7, 11 (1985) ("The due process clause requires that a nonresident defendant ... have sufficient minimum contacts with Illinois 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'") (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

In analyzing the contacts between a defendant and the forum state, it is essential that there be some act by which the defendant purposefully availed itself of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws. See Allerion, Inc., 283 Ill.App.3d at 47, 669 N.E.2d at 1163 (quoting Hanson v. Denckla, 357 U.S. 235, 253, reh'g denied, 358 U.S. 858 (1958)). The substantial connection between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum state. See Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987). In determining whether sufficient minimum contacts exist, court should avoid applying any mechanical tests and should instead look to the facts and circumstances of each individual case. See Capital Assoc. Dev. Corp., 138 Ill.App.3d at 1036, 487 N.E.2d at 11.

Where a corporation such as Asea Brown Boveri Inc. is neither incorporated in nor licensed to do business in Illinois, the only basis on which the Court may obtain *in personam* jurisdiction is pursuant to the Illinois Long Arm Statute, which provides in relevant part:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the facts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction

3

> of the courts of this State as to any cause of action arising from the doing of any such acts:
>
> … … … … … … … …
>
> (2) The commission of a tortious act within this State;[1]
>
> … … … … … … … …
>
> (c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

See 735 ILCS 5/2-209.

The following three criteria must be considered to determine whether the court's exercise of jurisdiction satisfies due process: (1) whether the nonresident defendant had "minimum contacts" with the forum state such that the had "fair warning" that he may be required to defend himself there; (2) whether the action arose out of or relates to the defendant's contacts with the forum; and (3) whether it is reasonable to require the defendant to litigate in the forum state. See Ores v. Kennedy, 218 Ill.App.3d 866, 872, 578 N.E.2d 1139, 1144 (1991); see also W.R. Grace & Co. v. CSR Limited, 279 Ill.App.3d 1043, 1047, 666 N.E.2d 8, 10 (1996). Simply put, to satisfy due process standards, "[j]urisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." Rollins v. Ellwood, 141 Ill.2d 244, 275, 565 N.E.2d 1302, 1316 (1990). In other words, "if the contacts between the defendant and Illinois are sufficient to satisfy the requirements of due process, then the requirements of both the Illinois long-arm statute and the U.S. Constitution have been met, and no other inquiry is necessary." W.R. Grace & Co., 279 Ill.App.3d at 1047, 666 N.E.2d at 10.

---

1   None of the other sub-parts of part (a) to Code section 209 apply to the allegations of negligence directed by Plaintiff at Asea Brown Boveri Inc.

4

A.  **This Court Lacks Personal Jurisdiction Over Asea Brown Boveri Inc.**

This Court lacks personal jurisdiction over Asea Brown Boveri Inc. because Asea Brown Boveri Inc. has insufficient contacts to satisfy minimum due process requirements. As an initial matter, a court's analysis must focus first on the defendant's contacts with Illinois. See W.R. Grace & Co., 279 Ill.App.3d at 1047, 666 N.E.2d at 10. When evaluating a defendant's contacts, "[c]onsiderable weight is given to a defendant's voluntary acts for it is by these acts that a defendant 'purposefully avails itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws.'" Capital Assoc. Dev. Corp., 138 Ill.App.3d at 1036, 487 N.E.2d at 11 (internal citations omitted). In addition, plaintiffs bear the burden of establishing that the Court's exercise of jurisdiction over a defendant is permissible. See Campbell v. Madonna Mills, 262 Ill.App.3d 624, 627, 634 N.E.2d 41, 43 (1994); Mohn v. Int'l Vermiculite Co., 147 Ill.App.3d 717, 721, 498 N.E.2d 375, 378 (1986) ("In Illinois, plaintiff must allege factors upon which jurisdiction is based. Plaintiff bears the burden of proving jurisdiction."); see also Zazove v. Pelikan, Inc., 326 Ill.App.3d 798, 801, 761 N.E.2d 256, 259 (2001) ("A plaintiff has the burden of establishing a prima facie basis for exercising *in personam* jurisdiction over a non-resident defendant.") (internal citations omitted).

   1.   *Asea Brown Boveri Inc. does not have contacts with Illinois and has not "purposefully availed itself" of the privilege of conducting business in Illinois.*

In the present case, Asea Brown Boveri Inc. does not have contacts with Illinois. As set forth above, and more fully in the attached Affidavit of John Brett, Asea Brown Boveri Inc. is a Delaware corporation with its principal place of business in Norwalk, Connecticut. See Ex. A, ¶ 1. Asea Brown Boveri Inc. does not transact business in Illinois, and is not even authorized to do so. See id., ¶¶ 2-4; 13. Additionally, Asea Brown Boveri Inc. does not manufacture, sell or supply products in Illinois, and certainly does not produce, manufacture, supply, distribute, sell, use, re-label or rehandle any asbestos-containing material. See id., ¶¶ 3-4; 16-18. Moreover, Asea Brown Boveri Inc. does not own, use or hold an interest in any real

property in Illinois. Asea Brown Boveri Inc. has no employees, servants or agents in Illinois, does not maintain an address or telephone number in Illinois, and has no bank accounts in Illinois. See id., ¶¶ 18.

Moreover, in the present case, not only does Asea Brown Boveri Inc. conduct no business in Illinois, Asea Brown Boveri Inc. does not have any contacts with Illinois related to the extremely vague allegations in plaintiffs' Complaints. Asea Brown Boveri Inc., a Delaware corporation with its principal place of business in Norwalk, Connecticut, does not manufacture, sell or supply any products in Illinois – allegedly asbestos-containing products or otherwise – and it does not transact business in Illinois, nor is it even authorized to do so. See id., ¶¶ 16-18. In short, Asea Brown Boveri Inc. does not have any contacts that were "purposefully directed" to Illinois that could even conceivably justify subjecting it to this Court's *in personam* jurisdiction.

Asea Brown Boveri Inc. will not belabor the point that Asea Brown Boveri Inc. is not subject to this Court's general *in personam* jurisdiction. Suffice it to say that Asea Brown Boveri Inc. does not have contacts with Illinois, much less substantial, continuous, extensive and systematic contacts. Consequently, Asea Brown Boveri Inc. is not subject to the personal jurisdiction of this Court and Plaintiffs' Complaints should be dismissed as to Asea Brown Boveri Inc.

>   2.  ***Holding the stock of a company is not sufficient to confer personal jurisdiction.***

Holding companies are not subject to a court's personal jurisdiction by virtue of the fact that it happens to hold the stock of a company that may properly be subject to the court's jurisdiction. "[C]onstitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express

6

World Corp., 230 F.3d 934, 943 (7th Cir. 2000); see Mohn v. Int'l Vermiculite Co., 147 Ill.App.3d at 723, 498 N.E.2d at 379 (affirming dismissal of foreign holding company which did not directly engaged in mining, production, marketing, or shipping of asbestos or asbestos products; was not qualified to do business in Illinois; did not sell products, purchase goods or services, lease or own property, maintain a post office box, or have directors, officers, or employees in Illinois; and did not pay taxes or franchise fees, have an Illinois bank account, or advertise in Illinois); see also Androphy v. Smith & Nephew, Inc., 31 F. Supp. 2d 620, 622 (N.D. Ill. 1998); Levy v. Chubb Corp., 2001 U.S. Dist. LEXIS 2205, at *11-12 (N.D. Ill. 2001) (defendant "is a holding company, not licensed to transact the business of insurance, and maintaining separate corporate books and records. [E]ven if the [parent] were acting in some administrative capacity for its subsidiaries ... a corporate parent, especially a holding company, may do so without triggering personal jurisdiction") (internal citation omitted).

Androphy v. Smith & Nephew, Inc. is illustrative. In Androphy, one of the defendants, Johnson & Johnson, had been named in a suit alleging patent infringement for an artificial knee system. Johnson & Johnson, however, was a New Jersey holding company with its principal place of business in Brunswick, New Jersey, that neither manufactured nor sold instruments for implanting artificial knees, but its wholly owned subsidiary was active in that field. See Androphy, 31 F. Supp. 2d at 621-22. The court granted Johnson & Johnson's motion to dismiss for lack of personal jurisdiction because Johnson & Johnson was only a holding company of the manufacturer's stock. See id. at 622.

Importantly, the Androphy court held that Johnson & Johnson, as a holding company, was not subject to personal jurisdiction under the Due Process clause because it had never manufactured, used or sold the knee-resection instruments at issue in the suit, either in that State or elsewhere, it was not registered to do business in the State, and had no agents there – "[i]t is a holding company which neither transacts business nor contracts to provide products or

7

services in [the State]." Id. Simply put, Johnson & Johnson lacked the "minimum contacts" with the forum state that would have justified the exercise of personal jurisdiction. See id.

Just as in Mohn v. Int'l Vermiculite Co. and Androphy, Asea Brown Boveri Inc. has never engaged in the production, marketing, or shipping of any asbestos or asbestos containing products, is not qualified to do business in Illinois, does not sell any products, purchase any goods or services, lease or own any property, maintain a post office box, or any have directors, officers, or employees in Illinois, and does not pay taxes, franchise fees or have an bank account in Illinois. Asea Brown Boveri Inc. is a holding company that does not, nor did it ever, engage in any trade, business operation, or any activity other than holding stock and receiving dividends attributable to the shares that it holds.

It is therefore clear that any attempt by a plaintiff to predicate personal jurisdiction upon the fact that Asea Brown Boveri Inc. holds the stock of CE fails to satisfy the strictures of the Due Process clause. Accordingly, because Asea Brown Boveri Inc. is simply a holding company without any operations of its own, and therefore not subject to the jurisdiction of this Court, plaintiffs' Complaint against Asea Brown Boveri Inc. should be dismissed.

8

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Asea Brown Boveri Inc. respectfully requests this Court to Dismiss plaintiffs' Complaints as to Asea Brown Boveri Inc. for lack of personal jurisdiction.

Respectfully submitted,

*(signature)*

Andrew J. Trevelise
Andrew J. Soven
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 851-8100
(215) 851-1420 (facsimile)

Mary Ann Hatch
**HERZOG, CREBS & McGHEE LLP**
511 West Main Street
Belleville, IL 62226
(618) 235-7656
(618) 231-4656 (facsimile)

**Attorneys for Asea Brown Boveri Inc.**

Dated: November 4, 2002

9

## AFFIDAVIT OF JOHN BRETT

The undersigned, John Brett, Vice President of Asea Brown Boveri Inc., confirms that the following facts contained within this Affidavit are true and correct according to his information and belief.

1. Asea Brown Boveri Inc. is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

2. Asea Brown Boveri Inc. is a holding company that does not, and did not at any time relevant to the Complaint, engage in a trade or business.

3. Asea Brown Boveri Inc. is not an operating company and as such has no sales or similar activities.

4. Asea Brown Boveri Inc. owns the stock of other corporations which are engaged in business operations in the United States.

5. The revenues of substance which Asea Brown Boveri Inc. receives are dividends attributable to its shareholdings in its subsidiaries.

6. All companies within the ABB group of companies currently follow and have always followed strict rules pursuant to which all business executives were trained and obligated to respect the corporate formalities and the boundary lines of each company.

7. I am familiar with the nature of the relationship that exists between Asea Brown Boveri Inc. and its subsidiary Combustion Engineering, Inc. ("CE").

8. CE exists today as one of several U.S. corporations whose stock is held by Asea Brown Boveri Inc., whose stock is in turn indirectly held by ABB Ltd., a Swiss holding company.

9. Asea Brown Boveri Inc. is not a successor-in-interest to CE.

10. Asea Brown Boveri Inc. has not assumed any liabilities, asbestos or otherwise, of CE.

11. Asea Brown Boveri Inc. did not merge with CE.

12. Asea Brown Boveri Inc. does not transact or solicit any business in Indiana.

13. Asea Brown Boveri Inc. is not authorized to transact business in Indiana.

14. Asea Brown Boveri Inc. does not contract in Indiana to insure any person, property or risk.

15. Asea Brown Boveri Inc. does not contract to supply services or things in Indiana.

16. Asea Brown Boveri Inc. does not manufacture, sell, offer for sale or supply products in Indiana.

17. Asea Brown Boveri Inc. does not produce, manufacture, supply, distribute, sell, use, re-label or rehandle any asbestos-containing material.

18. Asea Brown Boveri Inc. does not have employees, servants or agents in Indiana.

19. Asea Brown Boveri Inc. or affiliated entities does not solicit business on behalf of Asea Brown Boveri Inc. in Indiana.

FURTHER AFFIANT SAYETH NAUGHT.

*John Brett* (signature)

John Brett

Subscribed to and sworn to before me this 19th day of September, 2002.

*Christine S. Pastore* (signature)

CHRISTINE S. PASTORE
NOTARY PUBLIC
MY COMMISSION EXPIRES SEP 30 2005

2

## CERTIFICATE OF SERVICE

I, Joseph J. Tuso, hereby certify that on November 4th 2002, I caused to be served a true and correct copy of the foregoing Motion to Dismiss to Lack of Personal Jurisdiction of Defendant Asea Brown Boveri Inc. and the Memorandum of Law in Support thereof *via* first class mail upon the following:

>Michael Cascino, Esquire
>CASCINO VAUGHAN LAW OFFICES, LTD.
>403 W. North Ave.
>Chicago, IL 60610

_____
Joseph J. Tuso